IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NCR CORPORATION and RADIANT SYSTEMS, INC.,    ) ) ) | |
|    Plaintiffs,    ) ) | CASE NO. _____ |
|    v.    ) ) | |
| ALOHA POS SUPPORT, KRIS CHISLETT, and JOHN DOE.    ) ) ) | |
|    Defendants.    ) | |

## COMPLAINT

Plaintiffs NCR Corporation and Radiant Systems, Inc. (collectively, "NCR") for their Complaint against Defendant Aloha POS Support, Kris Chislett, and John Doe (collectively, "Defendants"), state as follows:

## NATURE OF THE ACTION

1.     This is an action for federal unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)); federal trademark infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(l)); false advertising under Section 43(a)(1)(B) of the Lanham Act, 15 USC 1125(a)(1)(B); violation of the federal Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)); Copyright Infringement (17 U.S.C. §501); common law unfair competition; and

violation of the Georgia Fair Business Practices Act (O.C.G.A. § 10-1-390 *et. seq*). This action is based on Defendants' unauthorized and impermissible use of NCR's ALOHA trademark in connection with the supposed service and support it purportedly offers to NCR's ALOHA software customers at its <alohapossupport.com> website and Defendants unlicensed copying, altering, and distribution of NCR's Aloha Tableservice software.   Defendants' conduct has caused actual confusion in the marketplace regarding NCR's affiliation with, sponsorship of, or approval of Defendants' website and services.

## PARTIES

2.     Plaintiff NCR Corporation is a Maryland corporation with its principal place of business in Duluth, Georgia.   Plaintiff Radiant Systems, Inc. ("Radiant") is a Georgia corporation with its principal place of business in Alpharetta, Georgia.   As of the date of this filing, Radiant is a wholly-owned subsidiary of NCR; on or about December 31, 2013, Radiant will merge into NCR. Radiant is the owner of the ALOHA trademark described herein pursuant to an assignment recorded with the United States Patent and Trademark Office.

3.     Defendant Aloha POS Support, upon information and belief, is an unincorporated entity, with its corporate headquarters at 301 W. Bay Street, Suite

2

14120, Jacksonville, FL 32202.  Upon information and belief, Defendant Aloha POS Support is the owner of, or controls, the website accessible at <alohapossupport.com>.

4.      Defendant Kris Chislett, upon information and belief, is one of the owner-operators of Defendant Aloha POS Support.

5.      Defendant John Doe, upon information and belief, is another owner-operator of Defendant Aloha POS Support.  The <alohapossupport.com> website identifies two individuals, "Kris and Trey," as Aloha POS Support technicians.  No other identifying information, other than the first name "Trey" has been uncovered to date regarding the second owner-operator of Defendant Aloha POS Support.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

7.      This Court has personal jurisdiction over Defendants.  Defendants advertise and do business in Georgia via Defendants' interactive internet website accessible at www.alohapossupport.com and offer services to Georgia residents in particular   at   http://alohapossupport.com/aloha-pos-help-and-support-in-georgia/ and by reaching out to individuals in Georgia through direct email solicitations.

Further, Defendants are committing acts of trademark infringement and unfair competition on an ongoing basis in this District and in interstate commerce.

8.      Venue lies in this District under 28 U.S.C. §1391(b).

## PLAINTIFFS' TRADEMARK RIGHTS AND COPYRIGHTS

9.      NCR produces and sells NCR Aloha Restaurant POS Software, a state-of-the-art, multi-functional restaurant point-of-sale ("POS") software solution under its well-known ALOHA trademark.   NCR, directly or through its predecessor-in-interest, has sold these goods under the ALOHA trademark in commerce in the United States since as early as 1993.

10.     In addition to providing POS software and terminals, NCR provides direct technical, software support services to its Aloha customers through various regional offices and through authorized service providers.   NCR distributes and sells its ALOHA products and services to restaurants throughout the United States.

11.     NCR has advertised and promoted its products under the ALOHA trademark in various media, including but not limited to its internet website accessible at http://www.ncr.com/products/restaurant/pos-software/aloha.   As a result of its extensive sales and advertising, NCR's ALOHA trademark has become

4

an asset of incalculable value as a symbol of NCR's quality POS software products and NCR's goodwill in the restaurant industry.

12.     NCR, specifically its Radiant subsidiary, is the owner of the following trademark, among others, registered in the United States Patent and Trademark Office: Reg. No. 2,144,355, issued March 17, 1998 (the "ALOHA Mark").  The ALOHA Mark registration is valid and subsisting and is in full force and effect.  A true and correct copy of the ALOHA Mark registration, along with the trademark assignment assigning the rights in the ALOHA Mark to Radiant, are attached hereto as Exhibit A.   Radiant's rights in the ALOHA Mark have become incontestable pursuant to 15 U.S.C. § 1065.

13.     The ALOHA Mark, depicted below, is NCR's trademark for its restaurant point-of-sale systems:



NCR, or its predecessor-in-interest, has extensively used the ALOHA Mark in commerce in the United States in connection with its state-of-the-art, multi-functional restaurant point-of-sale solution since at least as early as July of 1993.

5

US2008 5206709 1

14.     NCR's adoption and use of its ALOHA Mark in connection with its state-of-the-art, multi-functional restaurant point-of-sale solution occurred long prior to Defendants' unlawful use of the ALOHA Mark as described below.

15.     In addition to its trademark rights conferred by its federal trademark registration for the ALOHA Mark (USPTO Reg. No. 2,144,355), NCR has developed common law trademark rights in ALOHA.

16.     NCR's ALOHA mark is inherently distinctive for software.

17.     NCR and/or its predecessors in interest have extensively used and promoted the mark in interstate commerce in connection with its software since at least as early as 1993.

18.     Through NCR's extensive use and promotion of the ALOHA mark, the mark has become associated with NCR and its high-quality software products and related services.

19.     In conjunction with NCR's trademarks rights in the ALOHA mark, NCR also holds several copyrights related to the ALOHA software.

20.      The principal copyright is in the ALOHA software itself.  NCR holds a valid copyright in Aloha Tableservice, the point-of-sale software at issue in this case.  NCR's copyright in Aloha Tableservice was duly and properly registered

6

US2008 5206709 1

with the United States Copyright Office, resulting in Copyright Reg. No. TXu000796450.  A particular version of the software, one that NCR understands that the Defendants have illegally distributed without a license, V6.4.28, is also the subject of a valid copyright, copyright Reg. No. TX 7-738-084.

21.    NCR also holds a valid copyright in the ALOHA Table Service Manager's Guide, the user's manual for Aloha Tableservice. NCR's copyright in the Aloha Table Service Manager's Guide was duly and properly registered with the United States Copyright Office, resulting in Copyright Reg. No. TX 7-738-201.

22.    In addition, NCR holds valid copyrights in an image of the ALOHA terminal displaying a blank screen.  NCR's copyright in the image of the ALOHA terminal was duly and properly registered with the United States Copyright Office, resulting in Copyright Reg. No. VA-1-876-548.

23.    NCR distributes the ALOHA software and provides support services through various regional offices throughout the United States.

24.    In addition to its own regional offices, NCR works with authorized resellers who sell and service NCR's ALOHA software.

7

## DEFENDANTS' UNLAWFUL ACTIVITIES

25.    Defendants operate a business with a website accessible at <alohapossupport.com> (the "Aloha POS Support Site").   Defendants' business and their Aloha POS Support Site claim to offer technical support services for NCR's Aloha customers.

26.    Each page of the Aloha POS Support Site is marked "Aloha POS Support" in the upper left-hand corner.   Defendants' logo is confusingly similar to the NCR's ALOHA Mark and suggests to NCR customers that Defendants have some connection to or association with NCR's POS Software solutions and products offered under the ALOHA Mark:



A printout of Defendants' homepage, accessible via <alohapossupport.com>, is attached hereto as Exhibit B.

27.    The domain name <alohapossupport.com> is identical or confusingly similar to the ALOHA Mark, and it is therefore likely to cause confusion among NCR's customers about the association (or lack thereof) between NCR and Defendants.

8

28.     Defendants' website improperly displays a whole page, lifted almost verbatim from the Table Service Manager's Guide, NCR's copyrighted work, at <http://alohapossupport.com/what-is-aloha-point-of-sale/>, further adding to the confusion of NCR's customers and the Defendants' illegal attempts to suggest an association with or sponsorship by NCR.

29.     The Defendants' website also contains an embedded video, apparently uploaded by Defendants to YouTube, which includes NCR's copyrighted image of the ALOHA terminal with a blank display, in violation of NCR's rights in that image.  <http://alohapossupport.com/aloha-pos-help/>

30.     The Defendants have also made improper and illegal use of NCR's ALOHA Mark by including the mark in email blasts that the Defendants send to NCR customers and others by which the Defendants advertise their directly competing products and services.

31.     Defendants' actions have caused actual consumer confusion among NCR customers who sought technical support for NCR software offered under the ALOHA Mark.  As a result of Defendants' prominent and unauthorized use of the ALOHA Mark, or confusingly similar variations, NCR's customers have been

9

misled into believing that NCR is the source of the Aloha POS Support Site, or that NCR has sponsored or approved the site.

32.    When NCR's customers have mistaken Defendants either for NCR itself or authorized resellers and/or servicers of NCR's software, Defendants have not disclaimed any association with NCR.   To the contrary, Defendants have falsely told NCR's customers that they are official NCR support technicians.

33.    In one telling example of customer confusion, a customer of NCR contacted Defendants seeking help with a glitch in their ALOHA program after finding Defendants' phone number.  During the customer's call with Defendants, one of the Defendants falsely claimed he was an official Aloha support technician and that Defendants were the only option for technical support for ALOHA software.

34.    Defendants gained access to the customer's ALOHA terminal and attempted to fix the glitch, but they were unable to help the NCR customer. Defendants used profanity during the call, offending the NCR customer, and claimed the problem could only be fixed by installing a new version of the ALOHA software.   Defendants then delivered a copy of NCR's copyrighted

10

software to the customer for installation.  Defendants, as noted above, are not licensed to distribute the ALOHA software.

35.    Defendants' improper and illegal conduct in this incident led the NCR customer to conclude that NCR could not be trusted to provide effective software and services for its point-of-sale needs.

36.    In another example, another customer of NCR granted NCR access to the customer's ALOHA terminal, where NCR found that the customer's ALOHA software had apparently been altered by Defendants to display a modified screensaver that included Defendants' ALOHA POS Support logo, depicted above, and Defendants' phone number, both neatly displayed below NCR's valuable ALOHA Mark.

37.    The screensaver is a JPEG image that the Defendants host on their own domain at <http://alohapossupport.com/wp-content/uploads/2013/05/Aloha-POS-Support-Client-Desktop-Logo.jpg>.    Upon information and belief, the Defendants edited the code in the NCR customer's Tableservice software to link to the JPEG, which is hosted on the Defendants' domain. A copy of a screenshot, showing the offending screensaver, is attached as Exhibit C.

38.    The customer in question had been misled by Defendants into believing they had never worked with anyone other than NCR in servicing their software.    Upon information and belief, this customer contacted Defendants believing them to be NCR and Defendants, after gaining access to the customer's terminal through remote connection, unlawfully modified the customer's ALOHA software to include Defendants' phone number and logo.

39.    Also upon information and belief, Defendants have unlawfully sold software to consumers that is, in substantial part, copied from NCR's copyrighted Tableservice software. In particular, Defendants have created alternate versions of the software to include the Defendants' screensaver, which directly infringe on NCR's rights in the copyrighted software.

40.    NCR has not licensed, authorized, sponsored, or approved Defendants' Aloha POS Support Site or Defendants' use of the ALOHA Mark. Defendants are not authorized NCR distributors, dealers, or service providers, nor do Defendants obtain anything directly from NCR.   NCR has no control over Defendants' Aloha POS Support Site accessible via <alohapossupport.com> or their products or services.   Consequently, NCR has no control over Defendants' unauthorized use of the ALOHA Mark or Defendants' provision of products or

services that Defendants represent to be technical support services for NCR's ALOHA software products or hardware that may run NCR's ALOHA software products.

41.   According to the <whois.net> database, Defendant Kris Chislett is the current owner of the <alohapossupport.com> domain name, and <www.godaddy.com> is the registrar of the domain.   A printout of a <whois.net> search for <alohapossupport.com> is attached hereto as Exhibit D.

42.   Upon information and belief, Defendants have engaged in "Aloha support" keyword purchasing on major search engines such as Google.  A Google search engine printout, demonstrating that Defendants have purchased such advertising, is attached as Exhibit E.

43.   Taken together, the name, web address, and appearance of Defendants' Aloha POS Support Site, along with the prominent display of the scripted "Aloha POS Support," which is nearly identical to the ALOHA Mark, falsely suggests that Defendants are associated with NCR or in some way authorized or approved by NCR to perform services for NCR's customers.

44.   Defendants have constructive notice of NCR's trademark rights in its federally registered ALOHA Mark pursuant to 15 U.S.C. § 1072.  Because they

13

have refused to recognize and honor NCR's trademark rights, Defendants have acted unlawfully and, on information and belief, with an intent to trade upon and capitalize on the ALOHA Mark and associated goodwill.

45.   Defendants' aforesaid acts of trademark infringement and unfair competition have caused, and are likely to continue to cause, confusion, deception, and mistake.  Such acts have caused or will cause, and unless restrained by this Court will continue to cause, serious and irreparable injury for which NCR has no adequate remedy at law.

## COUNT I – FEDERAL UNFAIR COMPETITION/PASSING OFF

46.   As its first ground for relief, NCR claims violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).   NCR repeats and realleges the allegations of Paragraphs 1-43 above as if fully set forth herein.

47.   Defendants' activities constitute use of a false designation of origin in commerce, which is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' business and their Aloha POS Support Site.

48.   NCR has been irreparably injured by Defendants' aforementioned acts, and unless Defendants are enjoined by this Court, NCR will suffer further

14

harm to its reputation and goodwill.  This harm constitutes an injury for which NCR has no adequate remedy at law.

## COUNT II – FEDERAL TRADEMARK INFRINGEMENT

49.     As its second ground for relief, NCR claims violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).   NCR repeats and realleges the allegations of Paragraphs 1-46 above as if fully set forth herein.

50.     Defendants' unauthorized use of NCR's federally-registered ALOHA Mark in commerce is likely to cause confusion, mistake, or deception as to the source, association or sponsorship of Defendants' business and their Aloha POS Support Site.  The relevant public is likely to believe that Defendants' business and their Aloha POS Support Site originates with, is licensed by, sponsored by, connected with, or associated with NCR.   Defendants' prominent use of the ALOHA Mark falsely represents Defendants and their website as being legitimately connected with NCR, and places NCR's reputation beyond its own control.

51.     NCR has been irreparably injured by Defendants' aforementioned acts, and unless Defendants are enjoined by this Court, NCR will suffer further

harm to its reputation and goodwill.  This harm constitutes an injury for which NCR has no adequate remedy at law.

## COUNT III – FALSE ADVERTISING UNDER THE LANHAM ACT

52.    As its third ground for relief, NCR claims violation of Section 43(a)(1)(BH) of the Lanham Act, 15 USC 1125(a)(1)(B).  NCR repeats and realleges the allegations of Paragraphs 1-49 above as if fully set forth herein.

53.    Defendants, in communicating with NCR's customers, through various media and during telephone calls, have made false statements that they are associated with or sanctioned by NCR that (a) were actual deceptions of NCR's customers and statements that have a tendency to deceive, (b) were material to the NCR customers' decision to work with Defendants in servicing their ALOHA software, (c) were made in interstate commerce; and (d) have caused irreparable injury to NCR's business reputation and goodwill.

54.    NCR has been irreparably injured by Defendants' aforementioned acts, and unless Defendants are enjoined by this Court, NCR will suffer further harm to its reputation and goodwill.  This harm constitutes an injury for which NCR has no adequate remedy at law.

## COUNT IV – ANTICYBERSQUATTING

## CONSUMER PROTECTION ACT

55.     As its fourth ground for relief, NCR claims violation of the Federal Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)).  NCR repeats and realleges the allegations of Paragraphs 1-52 above as if fully set forth herein.

56.     Defendants' domain name <alohapossupport.com> violates NCR's rights in the ALOHA Mark, in violation of 15 U.S.C. § 1125(d)(1)(A)(ii), because the domain name is identical or confusingly similar to the ALOHA Mark.

57.     Defendants' use of the word "aloha" in their domain name is likely to divert NCR's customers from NCR's own website.

58.     Defendants' intentional use of the <alohapossupport.com> domain name is likely to tarnish the goodwill associated with NCR's ALOHA Mark and to divert NCR's customers to Defendants' site.

59.     Defendants have used NCR's ALOHA Mark in the domain name <alohapossupport.com> in bad faith with the intent to profit on the mark and to divert NCR's customers to their site.

60.     The continued registration of the <alohapossupport.com> domain name constitutes a violation of 15 U.S.C. § 1125(d)(2), which protects the owner

17

of U.S. trademarks and protects the registration of Internet domain names that are confusingly similar to any registered trademark.

61.     By virtue of the aforementioned acts, Defendants have committed a violation of the Federal Anticybersquatting Consumer Protection Act, and NCR has suffered and will continue to suffer irreparable harm to its goodwill.

## COUNT V – COPYRIGHT INFRINGEMENT

62.     As its fifth ground for relief, NCR hereby alleges Copyright Infringement under 17 U.S.C. §501.  NCR repeats and realleges the allegations of Paragraphs 1-59 above as if fully set forth herein.

63.     NCR is the sole owner of copyrights is the sole owner of the copyrighted software, Reg. No. TXu000796450 and TX 7-738-084, the copyrighted Aloha Tableservice Manager's Guide, Reg. No. TX 7-738-201, and the copyrighted image, VA 1-876-548.

64.     Defendants have infringed the copyrights in NCR's software by, including but not limited to advertising, marketing, installing, offering, and/or distributing infringing materials in the United States of America without approval or authorization from NCR.

18

US2008 5206709 1

65.    Defendants acted with willful blindness to and in reckless disregard of NCR's registered copyright in its Tablseservice Software and its other copyrights associated with the ALOHA software.

66.    As a result of their wrongful conduct, Defendants are liable to NCR for copyright infringement under 17 U.S.C. § 501 and attorneys' fees and costs under 17 U.S.C. §505.  NCR has suffered damages, and it entitled to recover those damages, which include any and all profits Defendants have made as a result of their wrongful conduct.   17 U.S.C. § 504.   Alternatively, NCR is entitled to statutory damages under 17 U.S.C. § 504(c), which should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

67.    NCR has been irreparably injured by Defendants' aforementioned acts of copyright infringement, and unless Defendants are enjoined by this Court, NCR will suffer further harm to its reputation and goodwill.  NCR is therefore entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.

US2008 5206709 1

## COUNT VI – COMMON LAW UNFAIR COMPETITION

68.    As its fifth ground for relief, NCR hereby alleges Georgia state common law unfair competition.  NCR repeats and realleges the allegations of Paragraphs 1-65 above as if fully set forth herein.

69.    As a result of their actions, as hereinabove pleaded, Defendants have misappropriated valuable property rights of NCR, are trading on the goodwill symbolized by NCR's ALOHA Mark, and are likely to cause and continue to cause confusion and to deceive members of the relevant public.  NCR has no adequate remedy at law.

70.    By virtue of its aforementioned acts, Defendants have committed common law unfair competition against NCR's interests.

## COUNT VII – GEORGIA FAIR BUSINESS PRACTICES ACT

71.    As its sixth ground for relief, NCR hereby alleges a violation of the Georgia Fair Business Practices Act.  NCR repeats and realleges the allegations of Paragraphs 1-68 above as if fully set forth herein.

72.    Defendants' aforesaid business activities cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation or connection of Defendants' Aloha POS Support Site and the services Defendants

20

offer thereon inasmuch as they give rise to the incorrect belief that Defendants' goods or services originate with or have some connection or affiliation with NCR, in violation of the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390 *et. seq.*

73.    NCR has been irreparably injured by Defendants' aforementioned acts, and unless Defendants are enjoined by this Court, NCR will suffer further harm to its reputation and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, NCR prays:

1.    That Defendants, their agents, officers, servants, employees, successors, companies and assigns, and all those in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

A.    Using NCR's trademarks on their Aloha POS Support Site or any other website, or in any marketing or promotional materials, in a manner that gives rise to a likelihood of confusion, mistake, or deception;

B.    Doing any other act likely to induce the mistaken belief that Defendants are in any way affiliated, connected, or associated with NCR or its products and services;

21

US2008 5206709 1

C.      Copying, using, or distributing any of NCR's copyrighted works or otherwise infringing on NCR's copyrights.

D.      Unfairly competing with NCR in any manner whatsoever.

2.      That Defendants transfer all rights to and interest in the <alohapossupport.com> domain to NCR.

3.      That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) and 17 U.S.C. § 503 impounding all counterfeit and infringing copies of purported NCR software and/or materials bearing any of NCR's trademarks, and any related item, including business records, in Defendants' possession or under their control.

4.      That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of NCR, their illegal profits obtained from their distribution of counterfeit and infringing copies of NCR's software, and requiring Defendants to provide NCR a full and complete accounting of all amounts due and owing to NCR as a result of Defendants' illegal activities.

5.      That NCR be awarded monetary relief in an amount to be determined by the Court, including:

22

      A.     All profits received by Defendants from sales and revenues of any kind made as a result of its infringing actions;

      B.     All damages sustained by NCR as a result of Defendants' acts of infringement and unfair competition, and that such damages be trebled;

      C.     Statutory damages pursuant to 15 U.S.C. §1117(d) and 17 U.S.C. §504; and

      D.     Punitive damages.

6.     That, because of the exceptional nature of this case resulting from Defendants' deliberate conduct and infringing actions, this Court award to NCR reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117 and 17 U.S.C §505.

7.     That, pursuant to 15 U.S.C. § 1116, Defendants be directed to file with the Court and serve on NCR, within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

8.     That Defendants be ordered to produce to NCR a list of all customers to whom Defendants have provided services in connection with NCR's

copyrighted Aloha software including all contact information for those clients in the Defendants' possession.

9.     That NCR has such other and further relief as this court may deem just.

## JURY DEMAND

NCR demands a jury trial on all issues so triable.

Respectfully submitted, this 20th day of December, 2013.

<table>
<tr><td></td><td>__/s/John P. Jett_____</td></tr>
<tr><td>James L. Weinberg</td><td>Corin M. McCarthy</td></tr>
<tr><td>OH Bar No. 0086109</td><td>GA Bar No. 482148</td></tr>
<tr><td><em>pro hac vice</em> application to be filed</td><td>John P. Jett</td></tr>
<tr><td>Matthew T. Wholey</td><td>GA Bar No. 827033</td></tr>
<tr><td>OH Bar No. 0086550</td><td>KILPATRICK TOWNSEND</td></tr>
<tr><td><em>pro hac vice</em> application to be filed</td><td>& STOCKTON LLP</td></tr>
<tr><td>ULMER & BERNE LLP</td><td>1100 Peachtree Street, NE, Suite 2800</td></tr>
<tr><td>1660 West 2nd Street, Suite 1100</td><td>Atlanta, Georgia 30309</td></tr>
<tr><td>Cleveland, Ohio 44113-1448</td><td>(404) 815-6500 (telephone)</td></tr>
<tr><td>(216) 583-7000 (telephone)</td><td>(404) 815-6555 (facsimile)</td></tr>
<tr><td>(216) 583-7001 (facsimile)</td><td>cmccarthy@kilpatricktownsend.com</td></tr>
<tr><td>jweinberg@ulmer.com</td><td>jjett@kilpatrictownsend.com</td></tr>
<tr><td>mwholey@ulmer.com</td><td></td></tr>
</table>

*Attorneys for Plaintiffs*

24

<u>LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated: December 20, 2013.

/s/ John P. Jett
John P. Jett

25